PERRIN H. SUMNER, APPELLANT, v. CORRA OSBORN, RESPONDENT, IMPLEADED, &c., WITH HENRY HOSFORD.

*Motion by a defendant to be discharged from arrest because of the failure of the plaintiff to enter judgment—where it may be made—not necessary to show that the plaintiff knew he was in actual custody—Code of Civil Procedure, § 572.*

A motion under section 572 of the Code of Civil Procedure, to discharge a defendant held in actual custody under an order of arrest, on the ground that the plaintiff has neglected to enter judgment in the action within one month after it was in his power so to do, need not be made in the judicial district or in the county adjoining the judicial district in which the action is triable, but may be made to a judge of the court in which the action was commenced, within the county where the defendant is held in custody. The right of the defendant to a discharge depends upon the fact of his being held in actual custody, and not upon the fact that the plaintiff or his attorney knew that he had been surrendered by his bail, and was so held.

APPEAL from an order discharging the defendant, Corra Osborn, from custody under an order of arrest.

The action was brought to recover damages for an alleged false imprisonment of the plaintiff, and was commenced against the defendant Osborn by the service of the summons and complaint and an order of arrest on September 8, 1877. The venue was laid in Kings county. On September 27, 1877, Osborn appeared in the action, and on the 29th his bail duly justified and he was admitted to bail. His time to answer or demur expired on November 7, 1877, and no answer or demurrer was ever served by him. No further proceedings were had by the plaintiff against the defendant Osborn until September 23, 1879, when notice of a motion for a writ of inquiry was served upon his attorneys by mail. Between the last mentioned date and November 13, 1879, proceedings were had which resulted in an assessment of damages by a sheriff's jury, which was the last act done or proceeding taken by the plaintiff against this defendant except to oppose the motion for his discharge. On November 18, 1879, the order discharging the defendant from arrest was made. Neither the plaintiff nor his attorneys knew that Osborn had been surrendered by his bail, nor that he was in actual custody, nor did the affidavits used in the latter's behalf show how long he had been in actual custody.

*J. J. Perry*, for the appellant.

*M. A. Knapp*, for the respondent.

BARNARD, P. J.:

The defendant's case falls within the provisions of section 572 of the Code of Civil Procedure. The action was one for false imprisonment, and the order of arrest was granted by a justice of this court. The defendant Osborn put in no answer, and his time to answer expired in 1877, and no judgment was entered for over a month after it was within the plaintiff's power to enter it. The defendant Osborn was in actual confinement in the common jail of Onondaga county, and Justice NOXON, one of the justices of this court within that county, upon due notice, made the order discharging him from custody. In this particular case the rule that all motions in an action must be made in the district or in a county adjoining the district in which the action is triable is abrogated. The motion may be made before a

judge within the county where the defendant is in custody. No reason was shown why the order of arrest should be used to keep the defendant in confinement under it, rather than upon an execution upon the judgment. If execution had been issued the defendant could have been released upon an assignment of his property. This section was passed expressly to prevent the continued imprisonment of persons under orders of arrest by a failure to enter judgment and issue execution thereon. The right of the imprisoned defendant does not depend upon the fact that the plaintiff or his attorneys knew of the actual custody of the defendant. It wholly depends upon the fact that the plaintiff neglected to enter judgment within one month after he could have done so.

The order should be affirmed, with costs and disbursements.

GILBERT and DYKMAN, JJ., concurred.

Order affirmed, with costs and disbursements.